Cynthia L. Rice
Katherine M. Thorstad*
Laura Murchie*
Disability Rights United
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Telephone: (303) 757-7901
crice@creeclaw.org
kthorstad@creeclaw.org
lmurchie@creeclaw.org


Jeremy Jong
Al Otro Lado
3511 Banks St.
New Orleans, LA 70119
Telephone: (504) 475-6728
jeremy@alotrolado.org

Attorneys for Plaintiffs
*Pro Hac Vice Application Forthcoming

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER, AL OTRO LADO and TEXAS CIVIL RIGHTS PROJECT, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | Case No. 2:24-cv-03815 <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF** |

1.      This is an action seeking to compel U.S. Customs and Border Protection ("CBP"), a component of the U.S. Department of Homeland Security ("DHS"), to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* Defendant CBP has failed to abide by FOIA's statutory deadlines with respect to Plaintiffs' request concerning the implementation of the CBP One application and its impact on asylum seekers with disabilities.

2.      CBP operates its CBP One application as a gatekeeper for individuals and families waiting at the United States-Mexico border for the opportunity to seek asylum.[1]

3.      Asylum seekers can ostensibly use the application to pre-schedule an appointment for processing at a port of entry ("POE") with CBP. If the asylum seeker can successfully schedule an appointment, CBP performs background checks and sets an interview date for further vetting.[2] If CBP officials are satisfied that the asylum seeker is not a national security threat or public safety risk, the asylum seeker is allowed into the United States to await the opportunity to present their asylum claim to an adjudicator.

4.      The Biden Administration touts CBP One as part of its strategy to create "orderly" pathways to apply for asylum, but this strategy also penalizes asylum seekers who cross the border between ports of entry.[3]

5.      In May of 2023, DHS issued a regulation restricting asylum eligibility to those cases in which an applicant successfully scheduled and attended a CBP One appointment, or applied for asylum in another country on their journey to the United States. *See* 8 C.F.R. § 208.33(a). The regulation also provides that, an asylum seeker who "demonstrates by a preponderance of the evidence that it was not possible to access or use the DHS scheduling system due to language barrier, illiteracy, significant

---

[1] Julie Watson and Gisela Saloman, *Asylum-seekers say joy over end of Title 42 turns to anguish induced by new US rules*, Associated Press, May 28, 2023, https://apnews.com/article/border-asylum-rules-immigration-title-42-biden-e77b4730682d889a2376b868c2fcac18.

[2] Camilo Montoya-Galvez, *Migrants in Mexico have used CBP One app 64 million times to request entry into U.S.*, CBS News, Feb. 12, 2024, https://www.cbsnews.com/news/immigration-cbp-one-app-migrants-mexico-64-million/.

[3] *Id.*

technical failure, or other ongoing and serious obstacle" or that they "[f]aced an acute medical emergency" remains eligible. 8 C.F.R. § 208.33(a)(2)(ii)(B), (a)(3)(i)(A). However, implementation of this exception has been inconsistent and lacks a defined procedure and has not been effectively communicated to the public.

6.      Asylum seekers, nongovernmental organizations, and Members of Congress report a myriad of problems with CBP One, including glitches and inaccessibility for groups of especially vulnerable asylum seekers.[4]

7.      CBP One requires a smartphone and a high level of technological proficiency to install and use. The application is prone to frequent glitches and other technical issues.[5]

8.      CBP One is also language-limited. The application contains only three language options - English, Spanish and Haitian Creole.[6]

9.      CBP One requires users to take "selfies" and submit them using the application. CBP One's facial recognition technology often has difficulty recognizing darker features and complexions.[7]

10.      CBP One is difficult to use or inaccessible to certain asylum seekers with disabilities.[8] One asylum seeker with a disability that caused his hands to seize was

---

[4] *See e.g.*, Letter from Congressman Jesús G. "Chuy" García et al. to Secretary Alejandro Mayorkas, Mar. 13, 2023, https://castro.house.gov/imo/media/doc/cbponeletter_final.pdf; NETWORK Lobby for Catholic Social Justice et. al, *CBP ONE: The Latest Roadblock to Asylum in the United States*, Aug. 31, 2023, https://networklobby.org/wp-content/uploads/2023/08/CBPOneReportFINAL83123.pdf; Watson, note 1, *supra*.

[5]  Lauren Villagran, *An abandoned building that became waiting room to US for migrants*, El Paso Times, Apr. 10, 2023, https://www.elpasotimes.com/story/news/2023/04/10/migrants-in-juarez-use-cbp-one-to-seek-exception-to-title-42-expulsion/70077647007/.

[6] Suzanne Monyak, *House Democrats call to improve border appointment app*, Roll Call, Mar. 14, 2023, https://rollcall.com/2023/03/14/house-democrats-call-to-improve-border-appointment-app/.

[7] *See e.g.*, Valerie Gonzalez, *Improvements to CBP app for asylum seekers amplifies access*, My RGV, Apr. 1, 2023, https://myrgv.com/featured/2023/04/01/improvements-to-cbp-app-for-asylum-seekers-amplifies-access/; Garcia, note 4, *supra*.

[8] *See e.g.*, Young Center for Immigrant Children's Rights, Disability Justice at the Border, Jul. 31, 2023, https://theyoungcenter.medium.com/disability-justice-at-the-border-3f442f2664ba; National Immigration Project and Together and Free, *FACING AN IMPOSSIBLE CHOICE Experiences of Asylum Seekers in Matamoros and Reynosa Two Months into the Biden Asylum Ban*, Jul. 24, 2023,

*(footnote cont'd on next page)*

3

unable to use the application to schedule an appointment.[9] Another had difficulty getting CBP One to accept her photograph because of partial paralysis in her face.[10] Many asylum seekers with vision impairments have been unable to use the application.[11]

11.    Section 504 of the Rehabilitation Act prohibits discrimination on the basis of disability in federal programs or activities conducted by any executive agency, including DHS. Under Section 504, persons with disabilities should not be "excluded from participation in, be denied the benefits of, or be subjected to discrimination" in any federal program or activity receiving federal financial assistance. 29 U.S.C. § 794(a). CBP One constitutes a program or activity of DHS because it is part of CBP operations and asylum processing for POEs.[12] 29 U.S.C. § 794(a-b).

12.    Section 508 of the Rehabilitation Act requires agencies to make electronic and information technology accessible to employees and members of the public who have disabilities in a way that is comparable to those without disabilities. 29 U.S.C. § 798.

13.    Seeking to better understand CBP's compliance with Sections 504 and 508 with respect to CBP One, Plaintiffs requested records from CBP pursuant to FOIA on March 12, 2024. *See* Exhibit 1.

14.    Plaintiffs also notified CBP of its obligations to post directives regarding its CBP One technology accessibility policies to their online reading rooms.

---

[9] https://nipnlg.org/sites/default/files/2023-07/2023_Facing-An-Impossible-Choice.pdf; José Ignacio Castañeda Perez, *This family fled Mexico and sought asylum through an app. Not everyone is so lucky,* Arizona Republic, Feb. 1, 2023, https://www.azcentral.com/story/news/politics/border-issues/2023/02/01/cbp-one-app-allows-migrant-family-request-asylum/698560980.
[9] *See* Compl., *Al Otro Lado v. Mayorkas*, ¶ 80, No. 3:23-cv-01367-AGS-BLM, ECF. No. 1 (S.D. Cal., July 27, 2023).
[10] *Id.*
[11] *Id.*; NETWORK, note 4, *supra* at 29.
[12] Circumvention of Lawful Pathways, 88 Fed. Reg. 31314, 31317 (May 16, 2023), ("In addition, once the Title 42 public health Order is terminated, the United States will expand implementation of the CBP One mobile application ("CBP One app"), an innovative mechanism for noncitizens to schedule a time to arrive at POEs along the SWB, to allow an increasing number of migrants who may wish to claim asylum to request an available time and location to present and be inspected and processed at certain POEs, in accordance with operation limitations at each POE.").

15.    CBP has not issued any substantive response to Plaintiffs' request and notification as required by FOIA.

**JURISDICTION AND VENUE**

16.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i), (a)(6)(E)(iii).

17.    This Court has jurisdiction to grant declaratory and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 2201–2202.

18.    Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e)(1).

**PARTIES**

19.    The Civil Rights Education and Enforcement Center ("CREEC") is a non-profit nationwide civil rights membership organization based in Denver, Colorado. CREEC's mission includes, among other purposes, ensuring that persons with disabilities participate in our nation's civic life without discrimination.

20.    Plaintiff Al Otro Lado ("AOL") is a non-profit, non-partisan, binational advocacy and legal services organization incorporated in California and based in Los Angeles. AOL's mission is to uplift immigrant communities by defending the rights of migrants against systemic injustices and fighting for all families that have been torn apart by unjust immigration laws. AOL prioritizes providing holistic legal and humanitarian support to refugees and other migrants through a multidisciplinary, client-centered, harm reduction-based practice. AOL documents human rights violations committed by U.S. and Mexican government officials against refugees at the U.S.-Mexico border, which provides a basis for public education and advocacy with U.S. policy makers and international human rights bodies.

21.    Plaintiff Texas Civil Rights Project ("TCRP") is a non-profit and nonpartisan organization committed to ensuring civil rights and the protection of law within Texas. TCRP publishes press releases, opinion pieces, reports, and policy papers.

It disseminates information through its website, txcivilrights.org and social media accounts.

22.     Defendant CBP is an agency within the meaning of 5 U.S.C. § 552(1)(f). CBP has been delegated authority to administer certain provisions of the Immigration and Nationality Act, including those relating to apprehension and processing of noncitizens who enter the United States at or between ports of entry. CBP has possession, custody, and control of records responsive to Plaintiffs' FOIA request.

## FACTS

23.     On March 12, 2024, Plaintiffs submitted a FOIA request to CBP seeking production of the following records pursuant to 5 U.S.C § 552(a)(3):

1. All CBP directives, policies, or memoranda concerning compliance with or interpretation or implementation of Section 508 of the Rehabilitation Act including, but not limited to, CBP Directive 5510-040A, Electronic and Information Technology Accessibility under Section 508 of the Rehabilitation Act.

2. All compliance reviews concerning CBP One application compliance with the Rehabilitation Act of 1973 and all associated Compliance Determination Forms.

3. All communications sent or received by CBP officials between January 1, 2023, and the date that CBP conducts this search concerning any CBP One disability access issues containing the keywords "@alotrolado.org" and "disability."

4. All CBP policies, memoranda, procedures, musters, standards, operations orders, reports, training materials, and other guidance concerning:
   a. Access to and use of the CBP One application for individuals with disabilities;
   b. Accommodations for individuals with disabilities;
   c. Determinations of whether CBP should grant an exception to any requirement to the CBP One process because of disability or medical need.

24.     CBP assigned this request tracking number CBP-FO-2024-073432.

25.     To date, CBP has not communicated with Plaintiffs about the status of its search for documents responsive to request CBP-FO-2024-073432 or the scope of the documents it intends to produce and withhold.

26.     Plaintiffs also sought expedited processing of their request, arguing that it concerns "[a] matter of widespread and exceptional media interest in which there exist

6

possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(iv). In support, Plaintiffs cited six news articles and reports in which asylum seekers, advocates, and Members of Congress raised accessibility concerns about CBP One.

27.    To date, CBP has not communicated with Plaintiffs about any decision or determination responsive to Plaintiffs' CBP-FO-2024-073432 expedited processing request.

28.    Plaintiffs' request also notified CBP that it must post any final opinions, policies, interpretations, and administrative staff manuals and instructions concerning Technology Accessibility policies for persons with disabilities on its online reading room pursuant to 5 U.S.C § 552(a)(2)(A)-(C).

29.    In support of their notification, Plaintiffs cited publicly available DHS documents that reference and infer the existence of final opinions, policies, interpretations, and administrative staff manuals and instructions not available on CBP's online reading room.[13]

30.    To date, CBP has not posted any responsive final opinions, policies, interpretations, and administrative staff manuals and instructions to its online FOIA reading room.

**CLAIMS FOR RELIEF**
**COUNT I: Violation of 5 U.S.C. § 552(a)(2)**
**Failure to Make Records Available for Public Inspection**

31.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

---

[13] *See* U.S. Customs and Border Protection ("CBP"), Disability Access Plan for Public-Facing Programs and Activities at 8, Jun. 19, 2019, https://www.dhs.gov/sites/default/files/publications/cbp-disability- access-plan.pdf; Dep't of Homeland Sec'y, Management Directive 4010.2: Section 508 Program Management Office & Electronic and Information Technology Accessibility at 7, Oct. 26, 2005, https://www.dhs.gov/sites/default/files/publications/07.%20MD%204010.2%20Section%20508%20Program%20Management%20Office%20and%20Electronic%20and%20Information%20Technology%20Accessibility.pdf.

32.    FOIA requires publication of certain agency records, including all final agency opinions and orders, policies, and interpretations not otherwise published in the Federal Register, and administrative staff manuals and instructions. 5 U.S.C. § 552(a)(2)(A)-(C).

33.    CBP violated FOIA by failing to publish any agency opinions, orders, policies, interpretations, administrative staff manuals, or instructions regarding disability access to their online FOIA reading rooms.

**COUNT II: Violation of 5 U.S.C. § 552(a)(6)(A)(i)**
**Failure to Make and Communicate Timely Determination**

34.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

35.    FOIA requires agencies to issue determinations and communicate those determinations to requesters within twenty working days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i).

36.    Agencies may extend the deadline an additional ten days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

37.    To properly issue a determination, agencies must at a minimum "inform the requester of the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013).

38.    CBP violated FOIA by failing to make the required determinations and to communicate those determinations to Plaintiffs within the designated timeframe.

**COUNT III: Violation of 5 U.S.C. § 552(a)(3)(C)**
**Failure to Conduct Adequate Search**

39.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

40.    Under the FOIA, agencies must respond to a FOIA request by making reasonable efforts to search for the records requested. 5 U.S.C. § 552(a)(3)(C).

41.   CBP violated FOIA by failing to conduct a reasonable search for records responsive to Plaintiffs' request.

**COUNT IV: Violation of 5 U.S.C. § 552(a)(4)(B)**
**Unlawful Withholding of Agency Records**

42.   Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

43.   Agencies may withhold records only under the specifically enumerated FOIA exemptions. 5 U.S.C. § 552(a)(4)(B).

44.   CBP violated FOIA by unlawfully withholding records responsive to the Plaintiffs' request other than those that FOIA has exempted.

**COUNT V: Violation of 5 U.S.C. § 552(a)(3)(A)**
**Failure to Make Records Promptly Available**

45.   Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

46.   Agencies must promptly produce records responsive to the properly filed FOIA request. 5 U.S.C. § 552(a)(3).

47.   Plaintiffs have a legal right to obtain such records, and no legal basis exists for CBP's failure to disclose them.

48.   CBP violated FOIA by failing to produce any records responsive to Plaintiffs' FOIA request.

**COUNT VI: Violation of 5 U.S.C. § 552(a)(6)(E)**
**Failure to Make Expedited Processing Determination**

49.   Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

50.   Agencies must issue a determination regarding whether to provide expedited processing within ten days of receiving the request. 5 U.S.C § 552(a)(6)(E)(ii)(I), (iii).

51.   CBP violated FOIA by failing to issue a timely determination in response

to Plaintiffs' request for expedited processing of Plaintiffs' FOIA request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.    Assume jurisdiction over the matter;

2.    Order CBP to publish all final agency opinions and orders, policies, and interpretations not otherwise published in the Federal Register, and administrative staff manuals and instructions concerning Technology Accessibility for persons with disabilities in compliance with Sections 504 and 508, and CBP One in accordance with 5 U.S.C. § 552(a)(2)(A)-(C);

3.    Order CBP to issue determinations responsive to Plaintiffs' request in accordance with 5 U.S.C. § 552(a)(6)(A)(i), (B)(i).

4.    Order CBP to conduct prompt and adequate searches for all records responsive to Plaintiffs' request in accordance with 5 U.S.C. § 552(a)(3)(C);

5.    Enjoin CBP from continuing to improperly withhold records responsive to the Plaintiffs' request in accordance with 5 U.S.C. § 552(a)(3)(A);

6.    Order CBP to issue a determination responsive to Plaintiffs' request for expedited processing of request CBP-FO-2024-073432 in accordance with 5 U.S.C. § 552(a)(6)(E)(ii)(I);

7.    Order CBP to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records or portions of records responsive to Plaintiffs' request and any agency justifications for withholding any responsive records;

8.    Award Plaintiffs reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E);

9.    Award Plaintiffs such further relief as the Court deems just, equitable, and appropriate.

Dated:  May 8, 2024

Respectfully submitted,

By: */s/* CYNTHIA L. RICE

Cynthia L. Rice
Katherine M. Thorstad*
Laura Murchie*
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
(303) 757-7901
crice@creeclaw.org
kthorstad@creeclaw.org
lmurchie@creeclaw.org

Jeremy Jong*
Al Otro Lado
3511 Banks St.
New Orleans, LA 70119
 (504) 475-6728
jeremy@alotrolado.org

*Attorneys for Plaintiffs*
**Pro hac vice* Application Forthcoming